IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHANIE LAMARR,<br><br>Petitioner,<br>vs.<br><br>LEWIS AND CLARK COUNTY, LEWIS AND CLARK COUNTY SHERIFF, MONTANA ATTORNEY GENERAL,<br><br>Respondents. | Cause No. CV 26-113-BU-SPW<br><br>ORDER |

Petitioner Stephanie LaMarr ("LaMarr"), is a state defendant awaiting trial in the Montana's First Judicial District Court, Lewis and Clark County, on charges of misdemeanor Stalking (1st Offense), and felony Stalking (2nd or Subsequent Offense), in *State v. LaMarr*, Cause No. BDC 2026-404. *See e.g.*, Notice (Doc. 1-1 at 3-4.)

LaMarr previously prepared a petition to challenge related state court proceedings via a petition for writ of habeas corpus relief, on behalf of her fiancé, Michael Hagman, as his "Attorney-in-Fact." *See, Hagman v. Lewis and Clark County*, Cause No. CV-26-108-BU-SPW, Pet. (filed Oct. 14, 2026). That matter was dismissed without prejudice as unexhausted and pursuant to the abstention

principles of *Younger v. Harris*, 401 U.S. 37 (1971). *See*, *Hagman v. Lewis and Clark County*, Cause No. CV-26-108-BU-SPW, Ord. (D. Mont. Oct. 21, 2026). Further, it was explained that LaMarr, as a pro se litigant, lacked the representative capacity to file motions or other documents on behalf of Hagman. *Id.*, at 2.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Hendricks v. Vasquez*, 908 F. 2d 490, 491 (9th Cir. 1990)(collecting cases); *see also, Boyd v. Thompson*, 147 F. 3d 1124, 1128 (9th Cir. 1998).

## I. Background

The affidavit prepared in conjunction with LaMarr's pending state criminal case sets out the history of litigation both LaMarr and Hagman have been engaged in within the state court system. *See*, (Doc. 1-1 at 17-48.)[1] Hagman was convicted

---

[1] LaMarr and/or Hagman have also recently filed ten civil rights actions in this Court. *See, Hagman v. Stanton,* Cause No. CV-26-97-BU-SPW, Comp. (filed Sept. 30, 2026); *Hagman v. McMahon*, Cause No. CV-26-99-BU-SPW, Comp. (filed Oct. 5, 2026); *Hagman v. Menahan*, Cause No. CV-26-100-BU-SPW, Comp. (filed Oct. 5, 2026); *Hagman v. Lewis and Clark County, et al.*, Cause No. CV-26-104-BU-SPW, Comp. (filed Oct. 13, 2026); *Hagman v. Gallatin County et al.*, Cause No. CV-26-107-BU-SPW, Comp. (filed Oct. 14, 2026); *Hagman v. Warhank et al.*, Cause No. CV-26-110-BU-SPW, Comp. (filed Oct. 16, 2026); *LaMarr v. Lewis & Clark County*, Cause No. CV-26-105-BU-SPW, Comp. (filed Oct. 13, 2026*); LaMarr v.*

in the First Judicial District Court of two counts of Order of Protection Violations, Custodial Interference, and Stalking in Cause No. BDC-2021-394; these charges stemmed from an order issued in a dissolution and parenting plan between Hagman and M.G., his ex-wife. In exchange for Hagman's guilty plea, various other charges were dismissed. (*Id.* at 17-18.)

Apparently, the stalking behavior increased and/or continued and the charges involving Hagman were amended to reflect the continued conduct. It was also alleged that part of Hagman's stalking conduct was due to judicial harassment involving the parenting and dissolution matter with M.G. (*Id.* at 19.) In June of 2021, additional criminal charges were filed against Hagman for his continued violations of court orders. Following Hagman's sentencing in 2023, tensions seemingly died down between Hagman, LaMarr, and M.G. (*Id.*)

In August of 2025, Hagman sought relief in the state district court from the restitution and no contact orders that had been previously entered; the request was denied. (*Id.* at 19-20.) During these proceedings the State apparently learned of the alleged falsity of Hagman's sworn statements regarding his living situation and his relationship to LaMarr. As a result of Hagman's various hearings in Cause No. BDC-2021-394, it became known that Hagman had been residing in Bozeman with

---

*McMahon*, Cause No. CV-26-106-BU-SPW, Comp. (filed Oct. 13, 2026); *LaMarr v. Stanton*, Cause No. CV-26-109-BU-SPW, Comp. (filed Oct. 15, 2026); and, *LaMarr v. Jefferson County et al.*, Cause No. CV 26-116-BU-SPW, Comp. (filed Oct. 26, 2026).

LaMarr beginning in 2022, and that Hagman and LaMarr had a child together. (*Id.* at 18.) Hagmann was later charged with Perjury. (*Id.* at 20.)

LaMarr began filing documents in Hagman's proceedings in which she complained about the acts of Deputy County Attorney Fallon Stanton and LaMarr purported to appear as an "expert" witness who had investigated Hagman's alleged perjury. (*Id.*) Apparently, LaMarr did not initially disclose that she was actually in a romantic relationship with Hagman and that they were expecting a child. (*Id.* at 20-21.) LaMarr continues to file documents on her own behalf and on behalf of third parties in the active state proceedings. (*Id.* at 21-22.)

Hagman has an appeal pending, challenging the district court's denial of his motion to relieve him of his restitution obligation and refusal to remove the no contact orders. (*Id.* at 22.) There, Hagman apparently challenges various issues surrounding the perjury charge, including LaMarr's involvement in the matter. Hagman has also sought to vacate all of the underlying district court orders and to terminate his probation. (*Id.*)

Hagman attempted to amend the parenting plan he has with M.G., to correct the division of property that occurred in the dissolution proceedings, and to lift the order preventing him from having contact with his minor children. (*Id.* at 22.) In support of his requests, Hagman claimed it was necessary to allow him to care for his "medically fragile" fiancée (LaMarr), that he lacked sufficient employment

earnings, that he disagreed with his child support obligations, and that he had a newborn child. (*Id.* at 22-23.) The district court denied Hagman's request for relief. Hagman then sought to change the venue of the proceedings, to disqualify the judge, and moved to have the dissolution decree declared void due to a purported lack of subject matter jurisdiction. (*Id.* at 23.) In June of this year, following a hearing, the district court issued a written order explaining the basis for denying Hagman's motion to amend the parenting plan. (*Id.* at 24.) Hagman appealed the matter; it remains pending before the Montana Supreme Court.

Hagman has a trial scheduled for January 5, 2027, in the Perjury matter. He has continued to file pro se motions in that case, including: challenges to the district court's jurisdiction, stays of the criminal proceedings, and writs of supervisory control in the Montana Supreme Court. (*Id.* at 25-28.)

Apparently, following this increase in court filings and apparent animosity, M.G. sought a new Temporary Order of Protection. (*Id.* at 28-29.) Following Hagman's failure to appear at a hearing, the temporary request was granted. The district court attempted to reschedule a hearing in the matter; however, Hagman engaged in repeated filings and attempts to disqualify the judge. Hagman alleged that he was unable to appear for scheduled hearings for reasons including: LaMarr's surgery, the time and travel involved, and a need to provide continuous care for LaMarr. Hagman also claimed that M.G. threatened LaMarr. (*Id.* at 29.)

Hagman filed an appeal challenging adverse rulings. The Montana Supreme Court dismissed the appeal on August 25, 2026. (*Id.* at 30-31.) Following a hearing on September 17, 2026, the request for a permanent order was granted for 10 years as to M.G., and until the 18th birthdays of the two minor children. (*Id.* at 31.)

In February of 2026, Hagman's biological father, Bill Hagman ("Bill"), passed away. A petition for informal probate of will was filed in the Jefferson County District Court. Bill had placed a portion of his estate into a living trust, with the remainder of the trust to pass to M.G. and Hagman's four children. Although M.G. is not a beneficiary, she was designated as the trustee for the children's sub-trust. M.G. was also appointed to serve as personal representative; Bill designated cash gifts to be dispersed to the other grandchildren. Bill's four children, including Hagman, were specifically disinherited. (*Id.* at 31.)

The resolution of Bill's estate has spawned another set of protracted litigation involving the estate; M.G., as personal representative; Hagman; and LaMarr, in addition to other family members. (*Id.* at 31-33.) There is a direct appeal pending before the Montana Supreme Court related to the probate and estate proceedings. (*Id.* at 33.)

Separate from Hagman, LaMarr has engaged in extensive civil filings against M.G. and Bill's estate. She has sought to allow a creditor claim on behalf

of Delores Laffen's estate,[2] to remove M.G. as personal representative, to allow a creditor claim on behalf of her infant daughter and future unborn children, and to allow a creditor claim on her own behalf. The State contends that LaMarr has engaged in continued vexatious filings following an order that Hagman be prevented from continued harassment of M.G. It was noted that LaMarr's claims in the probate/estate proceedings were largely non-cognizable. (*Id.* at 35-36.)

As set forth above, Hagman presently has several matters pending before the Montana Supreme Court. (*Id.* at 37-39.) Both the Jefferson County District Court and the Montana Supreme Court have imposed filing restrictions upon Hagman. It appears LaMarr has continued to file on Hagman's behalf, as well as her own, in the state courts. (*Id.* at 39.) The same can be said in this Court, *see* f.n. 1 *supra*; *see also, Hagman v. Lewis & Clark County Sheriff*, Cause No. CV 26-108-BU-SPW, Ord. (D. Mont. Oct. 21, 2026)(petition dismissed without prejudice and LaMarr was informed she may not file pro se documents on Hagman's behalf).

LaMarr has sought a temporary order of protection against M.G. in the Gallatin County Justice Court alleging ongoing harassment; the petition was denied in May of 2026. (Doc. 1-1 at 40.) LaMarr also filed a civil lawsuit against M.G. in the Gallatin County District Court alleging: abuse of process, intentional

[2] The claim relative to the Delores Laffen estate surrounds an unknown amount of child support LaMarr contended was owed to Laffen from Bill at the time of Laffen's death. (Doc. 1-1 at 33-35.)

infliction of emotional distress, interference with caregiving, defamation, retaliation, invasion of privacy, misuse of state position, and related torts, along with a motion for a protective order and a motion to remove Tom Morrison, the attorney handling Bill's estate. (*Id.*) LaMarr seems to believe that attorney Morrison is a "material witness," who is intertwined in underlying events. The claims against Morrison are apparently identical to claims Hagman has advanced in other matters. (*Id.* at 41-42.) Additionally, LaMarr attempts to advance various claims against M.G. on behalf of third parties, including Hagman; M.G. and Hagman's adult daughter, Madison; Madison's husband; and Hagman's brothers. (*Id.* at 42-45.)

LaMarr has filed a separate civil suit against M.G. on behalf of her infant daughter, R.H. There, LaMarr alleges breach of fiduciary duties, undue influence and fraud in Bill's estate, "intentional interference with expected inheritance," abuse of process and malicious use of civil proceedings; defamation, intentional infliction of emotional distress, civil conspiracy, and misuse of public resources. (*Id.* at 45.) While taking issue with the probate proceedings, LaMarr also includes lurid details alleging that M.G. engaged in sexual relationships with two of Hagman's brothers, provides details and opinions relating to M.G. and Hagman's marriage and sex life, and states opinions regarding M.G.'s history of sexual abuse. (*Id.* at 45-47.)

## II. LaMarr's Claims

LaMarr states she is disabled under the Americans with Disabilities Act ("ADA") and that Lewis & Clark County has denied her accommodations and ignored her disability status. LaMarr believes they are using the criminal process to retaliate against her for her protected activity. (Doc. 1 at 2.) Specifically, LaMarr maintains she is the "attorney-in-fact" for Hagman and has filed civil rights actions against District Judge McMahon and Deputy County Attorney Stanton in this capacity. She has also filed her own civil rights complaints. LaMarr believes Defendants are unfairly targeting her for her association with Hagman. (*Id.* at 2-3.)

LaMarr alleges M.G. has committed fraud and used undue influence and perjury to seize control of Bill's estate, which LaMarr believes to be worth $30 million dollars. LaMarr claims M.G. has unlawfully disinherited Hagman and his three brothers. (*Id.* at 3.) LaMarr asserts M.G. has caused direct harm to herself and to her infant daughter, R.H.

LaMarr affirms that she has filed civil rights law suits against Judge McMahon and Deputy County Attorney Stanton. Accordingly, she asserts that they are "mandatorily disqualified" from presiding over or prosecuting her criminal case. (*Id.* at 4.) LaMarr believes their continued involvement violates federal law, due process, the ADA, and renders state court remedies unavailable.

(*Id.*) Similarly, LaMarr alleges that by Judge McMahon denying Hagman state habeas relief, he has exhibited misconduct and bias. (*Id.*)

LaMarr repeats claims that, as a result of her filings in Jefferson County and Gallatin County, Lewis & Clark County has retaliated by filing criminal charges against her. (*Id.* at 4-5.) LaMarr asserts that Deputy County Attorney Stanton has a personal relationship with M.G. and refuses to step aside and honor the "mandatory federal disqualification." (*Id.* at 5.) LaMarr alleges that in so doing, Stanton disregards federal law, persists in a conflict of interest, exhibits a retaliatory motive, engages in "structural bias," and prevents LaMarr from having a fair and impartial proceeding. (*Id.*)

LaMarr further states that she has never been within 1,500 feet of M.G. and that the imposition of the no-contact order is unsupported by facts and serves no legitimate protective purpose. (*Id.* at 6.) Instead, it functions as a punitive measure designed to create the "appearance of danger or misconduct" where none exists. LaMarr believes this further demonstrates her "unconstitutional custody." (*Id.*)

Finally, LaMarr contends that the felony stalking charge against her is, in reality, the criminalization of her protected legal activity. (*Id.*) LaMarr believes Stanton's affidavit, filed in conjunction with the criminal matter, demonstrates Stanton is acting simultaneously as "investigator, witness, and prosecutor" despite

being named as a defendant in LaMarr's civil rights lawsuit. (*Id.* at 6-7.)

LaMarr claims violations of the ADA; First Amendment violations for the retaliatory prosecution aimed at punishing LaMarr for filing complaints, assisting Hagman, and suing M.G.; Fourteenth Amendment due process violations as disqualified officials are overseeing her criminal prosecution, thus, depriving her of an impartial tribunal; judicial and prosecutorial misconduct by Judge McMahon and Deputy County Attorney Stanton, and unconstitutional custody and restraints under 28 U.S.C. § 2241. (*Id.* at 8.)

LaMarr asks that she be immediately released from all restraints and conditions; that a stay be imposed in her criminal proceedings in Lewis & Clark County; that Judge McMahon and Deputy County Attorney Stanton be removed; that ADA protections be enforced; and that this Court impose an injunction prohibiting further retaliation. (*Id.* at 8-9.) LaMarr asks that this Court order that further state proceedings be transferred to a neutral venue outside of Lewis & Clark County. (*Id.* at 9.)

**Non-Cognizable Claims**

LaMarr's central contention seems to be that she is being retaliated against after filing various matters in the state courts and assisting Hagman. While LaMarr repeatedly invokes the ADA, she cannot assert such claims in a Section 2241 petition, as they do not sound in habeas. *See e.g., Nettles v. Grounds*, 830

F.3d 992, 927 (9th Cir. 2016)(en banc)(finding civil rights/conditions of confinement claims generally must be raised in an action under 42 U.S.C. § 1983 and not in a petition for habeas corpus). Thus, LaMarr's claims based on the ADA or the First Amendment, do not affect the fact or duration of her confinement, and must be raised, if at all, in a § 1983 action. *See e.g., Lewis v. Casey*, 518 U.S. 343, 349 (1996)(access to court claims); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002)(ADA claims). Because the majority of LaMarr's claims do not fall within the "core of habeas," they are subject to dismissal without prejudice. *See e.g., Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). To the extent that LaMarr is claiming that the purported retaliation took some form that impacted and/or drove her criminal prosecution, such a claim would need to be raised in her criminal case.

To the extent that LaMarr takes issue with the State of Montana's criminal charging process, this Court has consistently found, as was explained to Hagman, that charging via information is entirely consistent with federal guarantees of due process. *See*, *Hagman*, Cause No. CV-26-108-BU-SPW, Ord. at 9-10. Montana's specific constitutional and statutory provisions define a district court's jurisdiction and delineate the four procedural vehicles available to commence a state prosecution. One of these vehicles is via the filing of an information. *See*, Mont. Const. art. II, § 20(1) and art. VII, §4(1); Mont. Code Ann. §§ 3-5-301(1), -

302(1)(a), and 46-11-101(1)-(4). "The district court has original jurisdiction in all criminal cases amounting to felony…" Mont. Const. art. VII, § 4(1). While LaMarr may contest the facts supplied in the information prepared by Stanton, and by Judge McMahon granting leave to file criminal charges against her, LaMarr's argument relative to the charging process and/or the state district court's purported lack of jurisdiction is frivolous. LaMarr has not alleged a viable violation of federal law. Moreover, any challenge LaMarr seeks to make to the charging procedure should be presented in her criminal case.

Finally, simply filing a pro se civil rights action on behalf of Hagman or herself, and naming Judge McMahon or Stanton as defendants, does not automatically disqualify either individual from involvement in LaMarr's state criminal matter. The federal complaints filed by LaMarr and/or are subject to screening 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, a complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). None of the civil matters filed by LaMarr, *see* f.n.1, have yet to survive this mandatory screening process. Accordingly, any allegation that Judge McMahon and/or Deputy County Attorney Stanton are subject to "mandatory" disqualification at this juncture lacks merit.

A review of the petition demonstrates that the bulk of the claims advanced by LaMarr are either not cognizable or not appropriately presented in a federal habeas proceeding. There are, however, additional defects which require dismissal of the matter.

**III. § 2241 Jurisdictional Requirements**

A petition brought under Section 2241 may be granted if the individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). A petitioner must be in custody at the time the petition is filed for the state criminal matter under attack. *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A pretrial petitioner who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas relief under Section 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). The scope of the limitation turns upon the type of relief sought. A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances." *Braden*, 410 U.S. at

489, 493.

**i. In Custody Requirement**

At first blush, it appears that LaMarr does not meet the "in custody" requirement, as she is not presently incarcerated. The Supreme Court has held, however, that the "in custody" requirement is not limited to physical custody on the challenged state proceeding. *See, Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984); *see also, Jones v. Cunningham*, 371 U.S. 236, 239 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345 (1973). With respect to pretrial release before a Section 2241 federal habeas petition is filed, "in custody" is determined by considering whether the petitioner is still subject to a significant restraint on her liberty not shared by the public generally. *Hensley*, 411 U.S. at 351.

In *Hensley*, the Supreme Court determined that a petitioner released on his personal recognizance was still "in custody," because he was restricted in the ability to change locations and was required to be present at any moment when called upon to appear by the state court or prosecution. *Id.* Similarly, in *Lydon*, 466 U.S. at 300-01, the Court found the "in custody" requirement was satisfied even though the habeas petitioner was released pending his re-trial on criminal charges.

In the instant matter, LaMarr is not in physical custody for the Stalking charges filed in Lewis & Clark County. As set out in her petition, she is obligated

to appear in court and answer to the pending criminal charges. LaMarr has been released on her own recognizance, but is subject to certain conditions, including a no-contact order and a restriction on her movement. She is also required to appear in court under the threat of arrest. *See e.g.*, (Doc. 1 at 1.) Thus, the Court will presume that LaMarr satisfies the "in custody" requirement. That fact alone, however, does not confer subject matter jurisdiction. As explained in *Hensley*:

> [W]e emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance… Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts. Nothing in today's opinion alters the application of that doctrine to such a defendant.

*Hensley*, 411 U.S. at 353. Thus, LaMarr must have also completely exhausted available state court remedies in order establish this Court's subject matter jurisdiction over her Section 2241 petition.

**ii. Exhaustion Requirement**

A state petitioner must normally exhaust available state remedies before a federal court will entertain her petition for habeas corpus. *See, Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). This means a petitioner "must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

Thus, to have exhausted review in the state courts, LaMarr must have fairly presented all of the same federal claims and legal theories she urges in this Court to the state courts, through the Montana Supreme Court, in a procedurally proper manner. On the face of her petition and review of the materials attached, it is apparent LaMarr has engaged in various state matters. She has not, however, proceeded to trial on the Stalking charges, nor has she presented the claims contained in her federal petition to the Montana Supreme Court.

While Hagman filed a habeas petition with the state district court which was denied, *see* (Doc. 1-1 at 50-51), there is no indication that LaMarr has done the

same. LaMarr points to unfavorable rulings and treatment that she has received, however, that does not equate to the unavailability of state remedies or special circumstances warranting this Court's intervention. Thus, to the extent that LaMarr can present cognizable claims in this Court, the claims are not fully exhausted. *See, Carden*, 626 F.2d at 83 ("As an exercise of judicial restraint, [ ] federal courts elect not to entertain habeas corpus challenges to state court proceedings until petitioners have exhausted state avenues for raising [a] federal claim."). On the record provided, LaMarr has not allowed the Montana state courts a full and fair opportunity to consider the merits of her claims. She is not entitled to federal habeas review until she has done so.

**iii. Conclusion**

Broadly construing LaMarr's petition, she seeks to end the state prosecution against her. Even assuming that LaMarr meets the "in custody" requirement, and to the extent that she presents cognizable claims, LaMarr must exhaust the claims before filing in this Court. LaMarr, therefore, has failed to complete both jurisdictional requirements applicable to Section 2241 petitions. Accordingly, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

**IV. Abstention**

But even assuming this Court had jurisdiction to consider a challenge to LaMarr's state proceedings, the principles of comity and federalism weigh against

federal courts interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger*, 401 U.S. at 45-46. Irreparable injury does not exist in such situations if the threat to a petitioner's federally protected rights may be eliminated by her defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.' " *Id.* at 46 (*quoting Fenner v. Boykin*, 271 U.S. 240, 243-(1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A petitioner may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez*

*v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden*, 626 F.2d at 83-84 (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

The Court finds all *Younger* requirements are satisfied in the present matter and declines to intervene. First, LaMarr's criminal case is in the pretrial stages. Thus, it is "ongoing." *See, Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F. 3d 791, 801 (9th Cir. 2001)(under the first prong of the *Younger* test, state proceedings are deemed ongoing if the state court suit was pending at the time of the federal suit's filing). Second, LaMarr's proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See, Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, LaMarr has demonstrated that she is a fairly savvy litigant and is able to articulate and present issues on her own behalf. She has failed to allege facts showing she has been denied an adequate opportunity to address the alleged constitutional violations in her state court proceedings. Finally, granting relief in

the instant matter would have the practical effect of enjoining ongoing state proceedings.

LaMarr has not shown that irreparable injury will occur without this Court's intervention or demonstrated any other significantly extraordinary circumstance. Because there is no compelling reason for this Court to intervene, it will abstain. Thus, *Younger* provides an additional basis for dismissal.

Additionally, comity justifies this Court's abstention from adjudicating LaMarr's claims regarding malicious prosecution and/or judicial bias to the pending criminal charges prior to the state courts' entry of a final judgment. *See e.g., Calihan v. Superior Court*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005)(principles of comity and federalism require courts to abstain from addressing constitutional challenges that do not fall into an exception.) Or put another way, there is no reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *See, Braden*, 410 U.S. at 488-89 & 493.

LaMarr is not entitled to pretrial review by this Court and has not established her entitlement to have this Court interfere with her on-going state court proceedings. LaMarr has not established any exception to the *Younger* abstention doctrine which would warrant interference with her on-going criminal proceeding by means of stay or possible dismissal of her charges. LaMarr's disagreement with

the manner of her state court criminal and/or civil proceedings, and her conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. LaMarr may attempt to obtain the relief she seeks via her pending state court proceedings, on direct appeal therefrom, or by filing an original habeas action in the Montana Supreme Court. She is not entitled to federal habeas relief under Section 2241 at this juncture. LaMarr's petition will be dismissed without prejudice.

**V. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims LaMarr attempts to present are not cognizable, unexhausted and/or do not meet the requisite exceptions to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A

certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. LaMarr's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 28th day of October, 2026.

Susan P. Watters

Susan P. Watters
United States District Court Judge